# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-0341V**
**Filed: August 26, 2016**
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
PAUL HILLEN, *
*
Petitioner, *
*
*
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
*
Respondent. *
*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Ruling on Entitlement; Concession; Tetanus, Diphtheria, acellular Pertussis ("Tdap") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU")

*Maximillian Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Julia McInerny, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On March 16, 2016, Paul Hillen ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that he suffered injury after receiving the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine on February 3, 2014. Petition at 1, ¶¶ 2, 4. Petitioner further alleges that he has suffered the residual effects of his injury for more than six months, and he has not received compensation for his injury. *Id.* at ¶¶ 4, 17-18, 20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 22, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent "believes that the alleged injury is consistent with SIRVA,

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and that it was caused in fact by the Tdap vaccine petitioner received on February 3, 2014." *Id.* at 4. Furthermore, respondent believes that "petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 4.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master